MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------X
DENISE MOILAN, *individually and on behalf*
*of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| SPA DINER HOBOKEN CORP  (D/B/A SPA DINER), SHAWN MCGARR , and RON KUTIK , | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Denise Moilan ("Plaintiff Moilan" or "Ms. Moilan"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Spa Diner Hoboken Corp (d/b/a Spa Diner), ("Defendant Corporation"), Shawn McGarr and Ron Kutik, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Moilan is a former employee of Defendants Spa Diner Hoboken Corp (d/b/a Spa Diner), Shawn McGarr, and Ron Kutik.

2.       Defendants own, operate, or control a diner, located at 74 Hudson St., Hoboken, NJ 07030 under the name "Spa Diner".

3.      Upon information and belief, individual Defendants Shawn McGarr and Ron Kutik, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Moilan was employed as a server approximately for the month of July 2016 and thereafter a manager approximately from October 2016 until on or about December 2020 at the restaurant located at 74 Hudson St., Hoboken, NJ 07030.

5.      Approximately from October 2016 until on or about December 2020 Plaintiff Moilan worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Moilan appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiff Moilan wages on a timely basis.

8.      In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Moilan's and other tipped employees' tips and made unlawful deductions from Plaintiff Moilan's and other tipped employees' wages.

9.      Defendants' conduct extended beyond Plaintiff Moilan to all other similarly situated employees.

10.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Moilan and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.    Plaintiff Moilan now brings this action on behalf of herself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Moilan seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Moilan's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a diner located in this district. Further, Plaintiff Moilan was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.    Plaintiff Denise Moilan ("Plaintiff Moilan" or "Ms. Moilan") is an adult individual residing in Hudson County, New Jersey.

16.    Plaintiff Moilan was employed by Defendants at Spa Diner from approximately July 2016 until on or about December 13, 2020.

17.     Plaintiff Moilan consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a diner, located at 74 Hudson St., Hoboken, NJ 07030 under the name "Spa Diner".

19.     Upon information and belief, Spa Diner Hoboken Corp (d/b/a Spa Diner) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 74 Hudson St., Hoboken, NJ 07030.

20.     Defendant Shawn McGarr is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Shawn McGarr is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Shawn McGarr possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Moilan, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Ron Kutik is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ron Kutik is sued individually in his capacity as a manager of Defendant Corporation. Defendant Ron Kutik possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Moilan,

establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a diner located in the town of Hoboken in New Jersey.

23. Individual Defendants, Shawn McGarr and Ron Kutik, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Moilan's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Moilan, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Moilan (and all similarly situated employees) and are Plaintiff Moilan's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Moilan and/or similarly situated individuals.

28. Upon information and belief, Individual Defendant Shawn McGarr operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Moilan's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Moilan, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Moilan's services.

30.     In each year from 2016 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the

restaurant on a daily basis are goods produced outside of the State of New Jersey.

*Individual Plaintiff*

32.     Plaintiff Moilan is a former employee of Defendants who was employed as a server and manager. Plaintiff Moilan seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Denise Moilan*

33.     Plaintiff Moilan was employed by Defendants from approximately July 2016 until on or about December 13, 2020.

34.     Defendants employed Plaintiff Moilan as a server for approximately the month of July 2016 and thereafter as a manager from approximately October 2019 until on or about December 13, 2020.

35.     Plaintiff Moilan regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.     Plaintiff Moilan's work duties required neither discretion nor independent judgment.

37.     From approximately July 1, 2016 until on or about July 31, 2016, Plaintiff Moilan worked from approximately 8:00 a.m. until on or about 2:00 p.m., 6 days a week (typically 36 hours per week).

38.     From approximately October 2019 until on or about December 2020, Plaintiff Moilan worked from approximately 6:00 a.m. until on or about 2:00 p.m., 6 days a week (typically 48 hours per week).

39.     Throughout her employment, Defendants paid Plaintiff Moilan her wages in a combination of direct deposit and personal check.

40.     From approximately July 2016 until on or about June 2017, Defendants paid Plaintiff Moilan $11.00 per hour.

41.     From approximately July 2017 until on or about June 2018, Defendants paid Plaintiff Moilan $12.00 per hour.

42.     From approximately July 2018 until on or about June 2019, Defendants paid Plaintiff Moilan $13.00 per hour.

43.     From approximately July 2019 until on or about July 2020, Defendants paid Plaintiff Moilan $15.00 per hour.

44.     Defendants did not pay Plaintiff Moilan her wages for the last week of work.

45.     Plaintiff Moilan's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

46.     For example, Defendants required Plaintiff Moilan to work 2 hours past her scheduled departure time four times a week, and did not pay her for the additional time she worked.

47.     Defendants never granted Plaintiff Moilan any breaks or meal periods of any kind.

48.     Defendants withheld a portion of Plaintiff Moilan's cash and credit card tips.

49.     Although Plaintiff Moilan was required to keep track of her time, Defendants required her to record fewer hours than she actually worked. As a result, Plaintiff Moilan was not compensated for all of the hours that she worked.

50.     Defendants took improper and illegal deductions from Plaintiff Moilan's wages; specifically, Plaintiff needed to pay the difference in the cash register total was short.

51.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Moilan regarding overtime and wages under the FLSA and NYLL.

52.     Defendants did not provide Plaintiff Moilan an accurate statement of wages, as required by NYLL 195(3).

53.     Defendants did not give any notice to Plaintiff Moilan of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.     Defendants required Plaintiff Moilan to purchase "tools of the trade" with her own funds—including uniforms.

*Defendants' General Employment Practices*

55.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Moilan (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate overtime compensation as required by federal and state laws.

56.     Plaintiff Moilan was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

57.     Defendants habitually required Plaintiff Moilan to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

58.     Defendants failed to inform Plaintiff Moilan who received tips that Defendants intended to take a deduction against Plaintiff Moilan's earned wages for tip income, as required by the NYLL before any deduction may be taken.

59.     Defendants failed to maintain a record of tips earned by Plaintiff Moilan who worked as a server for the tips she received.

60.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Moilan worked.

61.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Moilan who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving servers of a portion of the tips earned during the course of employment.

62.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

63.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

64.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

65.     Defendants paid Plaintiff Moilan her wages in a combination of direct deposit and personal check.

66.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

67.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Moilan (and similarly situated individuals) worked, and to avoid paying Plaintiff Moilan properly for her full hours worked.

68.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

69.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Moilan and other similarly situated former workers.

70.     Defendants failed to provide Plaintiff  Moilan and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

71.     Defendants failed to provide Plaintiff Moilan and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

72.      Plaintiff Moilan brings her FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

73.   At all relevant times, Plaintiff Moilan and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

74.   The claims of Plaintiff Moilan stated herein are similar to those of the other employees.

<u>**FIRST CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

75.   Plaintiff Moilan repeats and realleges all paragraphs above as though fully set forth herein.

76.   At all times relevant to this action, Defendants were Plaintiff Moilan's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Moilan (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

77.   At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78.   Defendants constitute an enterprise within the meaning of the Fair Labor Standards

Act. 29 U.S.C. § 203 (r-s).

79.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Moilan (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80.     Defendants' failure to pay Plaintiff Moilan (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81.     Plaintiff Moilan (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

82.      Plaintiff Moilan repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Moilan overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84.     Defendants' failure to pay Plaintiff Moilan overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Moilan was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

86.      Plaintiff Moilan repeats and realleges all paragraphs above as though fully set forth herein.

87.      Defendants failed to provide Plaintiff Moilan with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

88.      Defendants are liable to Plaintiff Moilan in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

89.      Plaintiff Moilan repeats and realleges all paragraphs above as though fully set forth herein.

90.      With each payment of wages, Defendants failed to provide Plaintiff Moilan with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

91.     Defendants are liable to Plaintiff Moilan in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

92.      Plaintiff Moilan repeats and realleges all paragraphs above as though fully set forth herein.

93.     Defendants required Plaintiff Moilan to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

94.     Plaintiff Moilan was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

95.      Plaintiff Moilan repeats and realleges all paragraphs above as though fully set forth herein.

96.     At all relevant times, Defendants were Plaintiff Moilan's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

97.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

98.     Defendants unlawfully misappropriated a portion of Plaintiff Moilan's tips that were received from customers.

99.     Defendants knowingly and intentionally retained a portion of Plaintiff Moilan's tips in violations of the NYLL and supporting Department of Labor Regulations.

100.    Plaintiff Moilan was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

101.    Plaintiff Moilan repeats and realleges all paragraphs above as though set forth fully herein.

102.    At all relevant times, Defendants were Plaintiff Moilan's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

103.    Defendants made unlawful deductions from Plaintiff Moilan's wages; specifically, Defendants obligated Plaintiff Moilan to pay the difference if the cash register was short.

104.    The deductions made from Plaintiff Moilan's wages were not authorized or required by law.

105.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Moilan's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

106.    Plaintiff Moilan was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

107.    Plaintiff Moilan repeats and realleges all paragraphs above as though set forth fully herein.

108.    Defendants did not pay Plaintiff Moilan on a regular weekly basis, in violation of NYLL §191.

109.    Defendants are liable to Plaintiff Moilan in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Moilan respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Moilan and the FLSA Class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Moilan's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Moilan and the FLSA Class members;

(e)     Awarding Plaintiff Moilan and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Moilan and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Moilan;

(h)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Moilan;

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Moilan's compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Moilan;

(k)     Awarding Plaintiff Moilan damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(l)     Awarding Plaintiff Moilan damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Moilan liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiff Moilan and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Moilan and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Moilan demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

January 15, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 16, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Denise  Moilan
Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

*Certified as a minority-owned business in the State of New York*